Filed 11/25/24 Trice-Lewis v. Superior Court CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| KARENA TRICE-LEWIS,<br><br>    Petitioner,<br><br>v.<br><br><br>THE SUPERIOR COURT OF CONTRA COSTA COUNTY,<br><br>    Respondent;<br><br><br>CEDRIC LEWIS,<br><br>    Real Party in Interest. | A171449<br><br>(Contra Costa County Sup. Ct. No. D2200095) |

BY THE COURT[1]:

On October 7, 2024, petitioner filed a writ petition challenging respondent court's August 7, 2024 Findings and Order After Hearing on the basis that respondent court failed to comply with Family Code section 3044, subdivision (f)(2), in finding that real party in interest had rebutted the presumption in section 3044, subdivision (a).

_____

[1] Before Stewart, P.J., Richman, J., and Miller, J.

1

On October 22, 2024, this court issued a "Notice of Intent to Issue Peremptory Writ in First Instance" (suggestive *Palma*[2] notice) confirming respondent court's apparent error in finding that real party in interest had overcome the presumption in section 3044, subdivision (a), without stating "its reasons in writing or on the record as to why paragraph (1) of subdivision (b) is satisfied and why the factors in paragraph (2) of subdivision (b), on balance, support the legislative findings in [Family Code section] 3020." (Fam. Code § 3044, subds. (b) & (f)(2).)  The suggestive *Palma* notice gave respondent court the power and jurisdiction "to comply with section 3044, subdivision (f)(2), by explaining, either in writing or on the record, its August 7, 2024 finding that real party in interest rebutted the presumption in section 3044, subdivision (a)."  The suggestive *Palma* notice stated that, if respondent court complied with the notice on or before November 8, 2024, this court would dismiss the petition as moot.  The notice required petitioner to file a declaration attesting to respondent court's compliance and, in the event respondent court did not comply, invited the parties each to file a response on or before November 18, 2024.

On November 7, 2024, petitioner's counsel filed a declaration attesting that the October 31, 2024 hearing respondent court held in response to the suggestive *Palma* notice did not result in compliance where respondent court did not provide a "meaningful 'opportunity to be heard' " and did not make specific findings on the factors in subdivisions (b)(2)(A), (b)(2)(B), (b)(2)(E), and (b)(2)(G) of section 3044 in its modified ruling.  On November 18, 2024, petitioner filed her response to the suggestive *Palma* notice, reiterating that respondent court's did not comply and asking this court to issue a peremptory

---

[2]    See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180.

writ in the first instance. Real party in interest has filed nothing in response to petitioner's November 7th declaration or November 18th brief and has not otherwise responded to the suggestive *Palma* notice.

## DISCUSSION

We agree that respondent court did not fully comply with the suggestive *Palma* notice. Specifically, though respondent court provided the parties with the required notice, it did not provide them with a meaningful opportunity to be heard. In addition, the record confirms petitioner's claim that respondent court did not make specific findings on the factors in subdivisions (b)(2)(A), (b)(2)(B), (b)(2)(E), and (b)(2)(G) of section 3044 in its modified ruling. We also find that respondent court did not sufficiently address factor (b)(2)(F).

To reiterate, the "in writing or on the record" requirement of section 3044, subdivision (f)(2), "is most reasonably interpreted to require specific mention of each of the [eight] section 3044 factors." (*Jaime G. v. H.L.* (2018) 25 Cal.App.5th 794, 805.) This requirement furthers the legislative goal of requiring family courts to give due weight to the issue of domestic violence and facilitates meaningful appellate review. (*Id*. at p. 806.) A court's failure to comply with these requirements is not harmless error. (*Abdelqader v. Abraham* (2022) 76 Cal.App.5th 186, 198.) "There is no requirement under [the] statute that a party request a court to make such findings. Rather, the explanations of a finding and the discussion of the factors is mandatory under section 3044. Moreover, the doctrine of implied findings does not relieve the court of this statutory mandate." (*Ibid*.)

Therefore, in accordance with our notification to the parties that we might do so, we will direct issuance of a peremptory writ in the first

3

instance.  Petitioner's right to relief is obvious, and no useful purpose would be served by issuance of an alternative writ, further briefing, and oral argument.  (*Ng v. Superior Court* (1992) 4 Cal.4th 29, 35; see *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1236–1237, 1240–1241; *Brown, Winfield & Canzoneri, Inc. v. Superior Court* (2010) 47 Cal.4th 1233, 1240–1244.)

## DISPOSITION

Therefore, let a peremptory writ of mandate issue directing respondent superior court to provide the parties notice of, and a meaningful opportunity to be heard at, a further hearing at which respondent court shall explain, in writing or on the record, its findings that real party in interest has overcome the presumption in section 3044, subdivision (a).  (Fam. Code § 3044, subd. (f)(2).)  At this further hearing, respondent court shall address and make specific findings as to each of the following factors listed in subdivision (b) of section 3044: subdivisions (2)(A), (2)(B), (2)(E), (2)(F), and (2)(G).

In the interests of justice and to prevent further delays, this decision shall be final as to this court immediately.  (Cal. Rules of Court, rule 8.490(b)(2)(A).)  Should the parties so stipulate, the remittitur will issue immediately upon the finality of this opinion as to this court.  (Cal. Rules of Court, rules 8.272(c)(1) and 8.490(d).)